## PETER MURPHY v. THOMAS McROBERTS.

**Executor—Ejectment—Heirs.**

    A personal representative empowered to sell land by the terms of a will has no right to maintain an action of ejectment against those in possession. The title to such land is in the heirs and they must be made parties to such a suit.

### APPEAL FROM PENDLETON CIRCUIT COURT.

February 29, 1876.

OPINION BY JUDGE PRYOR:

We have been referred to no authority by counsel for the appellees giving to the personal representative empowered to sell land by the will of the devisor the right to maintain an action of ejectment against those in possession. In this case there is a mere naked power to sell, and the legal title to the land is in the heirs of the devisor. A power of attorney to sell and convey passes to the attorney no such title as will enable him to maintain ejectment. Nor does it appear that the petition of the heir in this case to be made a party was ever acted on. There was no answer filed to that petition, nor was the heir made a party plaintiff by an order of court.

The administrator in this case had settled his accounts many years prior to the institution of the action and the heirs had released him, according to his own statement, from complying with that provision

of the will directing a sale of the land. He may have acted as the agent of the heirs, and with the authority to sell may have assumed the power to control the realty; but he was vested with no such title as enabled him to maintain ejectment. We are rather inclined to the opinion, however, that the parties in the court below regarded the filing of the petition of Henry Guess as making him a party to the record. There seems to have been no objection to its filing, and as the appellants, by their answer, asked that the heirs should be brought before the court, the case should be heard on his petition. Upon the return of the case he should, by an order of court, be made a party plaintiff, with leave to amend so as to unite the other heirs with him and to give a more definite description of the land.

We see no interest that the administrator, with will annexed, had in the controversy unless the heirs or those interested should require that he should execute the trust, and it is only from the fact that the petition of Guess was filed without objection, and the inference from the facts that he was regarded as a party to the record by the appellants, that he be allowed to amend his petition. Although he may have been regarded as a party, we are not disposed to uphold the verdict upon the pleadings as they now appear. The case must go back for further preparation.

The judgment is *reversed* and cause remanded with directions to award appellants a new trial, and for further proceedings consiistent with the opinion.

*C. H. Lee, for appellant.    W. J. Perrin, for appellee.*